

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 16, 2019

**BY ECF**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Jamel Jones et al.*, S4 18 Cr. 834 (PAE)

Dear Judge Engelmayer:

    The Government writes pursuant to the Court's January 11, 2019 Order directing the Government to set forth its views as to (1) the potential conflict of interest posed by Mr. Leemon representing Jamel Jones after having represented Kifano Jordan; (2) whether the conflict is waivable; and (3) the allocution appropriate for Jones and Jordan.

    The Government has conferred with Mr. Leemon, Mr. Roth, and Mr. Einhorn concerning Mr. Leemon's representation of Jordan. The Government understands that Mr. Leemon met with Jordan on November 25, 2018 – the day before the initial pretrial conference – and that Mr. Leemon and Jordan did not talk substantively about the case. In addition, Mr. Leemon has represented that he has not downloaded or reviewed any of the individual Rule 16 discovery pertaining to Jordan. Accordingly, based on the representations of counsel, it does not appear that Jordan relayed any confidential information to Mr. Leemon. If that is the case, then the Government does not see any conflict in Mr. Leemon's representation of Jones.

    However, in the event that Jordan shared any confidential information with Mr. Leemon, then a potential conflict could exist and an appropriate inquiry should be made. "An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003) (quoting *United States v. Kliti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). Conflicts "such as attorney's representation of two or more defendants or his prior representation of a trial witness, are generally waivable." *Id.* at 127. However, "such a conflict might require a defendant to abandon a particular defense or line of questioning," and to "seek the legal advice of independent counsel and make an informed judgment that balances the alteration in the trial strategy against the perceived effect of having to get a new and perhaps less effective defense counsel." *Id.* (quoting *United States v. Fulton*, 5 F.3d 605, 613 (2d Cir. 1993)).

Accordingly, the Government respectfully requests that the Court ascertain whether Jones and Jordan are fully aware that they are entitled to conflict-free representation and of the risks associated with Mr. Leemon's representation of Jones. The concern here is that the attorney-client relationship gives rise to continuing obligations of loyalty and confidentiality that may be breached when the confidences are required to be exploited in, for example, the possible cross-examination of Jordan. On the other hand, if prior confidences are respected, the representation of Jones might be ineffective due, for example, to the inability of counsel to conduct a thorough cross-examination of Jordan should Jordan testify. However, the Government believes that the potential conflict can be waived by both Jordan and Jones. Enclosed with this letter is a set of proposed questions to be put to Jones and Jordan.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

by: _s/_____
    Michael D. Longyear
    Jacob Warren
    Assistant United States Attorneys
    (212) 637-2223 / 2264

cc:    All counsel of record (by ECF)

**Proposed *Curcio* Examination**
*United States v. Jamel Jones et al.*

A.  **Introductory Questions To Establish Competence**

   Age

   Education

   Current medications

   Alcohol, drugs, medications within past 24 hours

   Is anything interfering with your ability to understand what is happening here today?

B.  **Potential Conflict of Interest Posed by Scott Leemon's
    Prior Representation of Kifano Jordan**

   **Jamel Jones**

   1. Are you satisfied with the services of Mr. Leemon thus far in the case?

   2. Has Mr. Leemon informed you that he represented co-defendant Kifano Jordan?

   3. Do you understand that the fact that Mr. Leemon represented Mr. Jordan and likely had conversations with him that are likely covered by attorney-client privilege and could lead Mr. Leemon to have loyalties divided between yourself and Mr. Jordan?

   4. Let me give you some examples of the ways in which Mr. Leemon's privileged conversations with Mr. Jordan could adversely affect his representation of you in this case.

      a. Are you aware that Mr. Leemon could possibly have information from Mr. Jordan that would be helpful in defending you, but that he would be absolutely prohibited from using it to defend you because of the attorney-client privilege?

      b. Similarly, do you understand that, should this case proceed to trial, and Mr. Jordan were to testify, Mr. Leemon may have information to cross examine Mr. Jordan and would be prohibited from using it because it is protected by the attorney-client privilege?

   5. Tell me in your own words what your understanding is of the potential conflicts of interest arising in this situation.

6. Do you understand that one danger to you is in the inability to foresee all of the possible conflicts that might arise because of Mr. Leemon's prior privileged conversations with Mr. Jordan and his current representation of you?

### **Kifano Jordan**

7. Do you understand that the fact that Mr. Leemon represented you and likely had conversations with you that are likely covered by attorney-client privilege, which could lead to divided loyalty by Mr. Leemon as between you and Mr. Jones?

8. Do you understand that if this case were to proceed to trial and you testified at trial, Mr. Leemon could cross examine you, and in the process, potentially exploit confidences he learned from you during his representation of you?

9. Tell me in your own words what your understanding is of the potential conflicts of interest arising in this situation.

**C.** **The Right to Conflict-Free Representation**

10. Do you understand that, in every criminal case, including this one, the defendant is entitled to assistance of counsel whose loyalty to him is undivided, who is not subject to any factor that might in any way intrude upon an attorney's loyalty to his interests? In other words, do you understand that you are entitled to an attorney who has only your interests in mind, and not the interests of any other client?

11. Have you received any inducements, promises or threats with regard to your choice of counsel in this case?

12. Have you consulted with any attorneys other than Mr. Leemon about the dangers to you of this potential conflict of interest?

13. Do you understand that you have a right to consult with an attorney free from any conflict of interest about this issue, and that the Court will give you an opportunity to do that if there is any aspect of the information that I have conveyed to you today that you wish to discuss with a conflict-free attorney?

14. The Court is prepared to adjourn the remainder of this proceeding so that you may consult with an attorney about the potential conflict of interest that I have described to you today. In addition, the Court can appoint an attorney for you to consult on this matter if you cannot afford one. Would you prefer to adjourn until you can give more thought to this matter?

D. **Continuation of *Curcio* Hearing**

15. [For Jones] After considering all that I have said today about the ways in which Mr. Leemon's prior representation of Mr. Jordan may adversely affect your defense, do you believe that it is in your best interest to continue with him as your attorney? Is that your wish?

16. [For Jones] Do you understand that by choosing to continue with Mr. Leemon as your attorney, you are waiving your right to be represented solely by an attorney who has no conflict of interest?

17. [Both] Are you knowingly and voluntarily waiving your right to conflict-free representation?

18. [Both] Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of Mr. Leemon's prior representation of Mr. Jordan and representation of Mr. Jones, you were denied effective assistance of counsel by Mr. Leemon?

19. Is there anything that I have said that you wish to have explained further?