```
                                          USDC SDNY
                                          DOCUMENT
                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT              DOC #:
SOUTHERN DISTRICT OF NEW YORK             DATE FILED: 1/23/19
-----------------------------------X
                                   :
UNITED STATES OF AMERICA           :
                                   :    SUPERSEDING INFORMATION
                                   :
          -v.-                     :
                                   :    S5 18 Cr. 834 (PAE)
DANIEL HERNANDEZ,                  :
     a/k/a "Tekashi 6ix 9ine,"     :
                                   :
               Defendant.          :
-----------------------------------X
```

## COUNT ONE
### (Racketeering Conspiracy)

The United States Attorney charges:

### The Enterprise

1.    At all times relevant to this Information, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant, and others known and unknown, were members and associates of the Nine Trey Gangsta Bloods ("Nine Trey" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, acts involving murder, robbery, and narcotics trafficking.  Nine Trey operated in and around Manhattan, the Bronx, and Brooklyn, New York.

2.    Nine Trey, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members

functioned as a continuing unit for a common purpose of
achieving the objectives of the Enterprise. At all times
relevant to this Information, the Enterprise was engaged in, and
its activities affected, interstate and foreign commerce.
DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant,
participated in the operation and management of the Enterprise
and participated in unlawful and other activity in furtherance
of the conduct of the Enterprise's affairs.

3. Members and associates of Nine Trey engaged in a
series of violent disputes with rivals of Nine Trey, including
those within Nine Trey who they deemed disloyal to the
Enterprise. During these disputes, members and associates of
Nine Trey committed multiple shootings, robberies, and assaults
against their rivals and against fellow Nine Trey members.

4. Members and associates of Nine Trey sold heroin,
fentanyl, furanyl fentanyl, MDMA, dibutylone, and marijuana in
and around Manhattan, Brooklyn, and the Bronx, New York.

5. Members and associates of Nine Trey committed and
agreed, attempted, and threatened to commit acts of violence to
protect and expand their narcotics business and to protect
fellow members and associates of the Enterprise. These acts of
violence included acts involving murder, acts involving robbery
and extortion, and assault, intended either to protect the
Enterprise's narcotics business, retaliate against members of

2

rival gangs who had encroached on the Enterprise's narcotics business, to otherwise promote the standing and reputation of Nine Trey amongst rival gangs, or to promote the standing and reputation of Nine Trey members amongst other Nine Trey members.

## Purposes of the Enterprise

6.   The purposes of the Enterprise included the following:

a.   Preserving and protecting the power, territory, and profits of the Enterprise through acts involving murder, other acts of violence, and threats of violence.

b.   Promoting and enhancing the Enterprise and the activities of its members and associates.

c.   Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

d.   Providing assistance to members and associates who committed crimes for and on behalf of the gang.

e.   Enriching the members and associates of the Enterprise through, among other things, robbery and the distribution and sale of narcotics, including heroin, fentanyl, furanyl fentanyl, MDMA, dibutylone, and marijuana.

f.   Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against

3

potential witnesses to crimes committed by members of the
Enterprise.

## Means and Methods of the Enterprise

7.    Among the means and methods employed by the members
and associates in conducting and participating in the conduct of
the affairs of the Enterprise were the following:

a.    Members and associates of the Enterprise
committed, conspired, attempted, and threatened to commit acts
of violence, including acts involving murder, to protect and
expand the Enterprise's criminal operations, and against rival
gang members.

b.    Members and associates of the Enterprise used
threats of violence and physical violence against other members
and associates of the Enterprise to enforce and maintain
discipline within the Enterprise.

c.    Members and associates of the Enterprise
committed, conspired, attempted, and threatened to commit acts
of violence, including acts involving murder, robbery, and
extortion against rival gang members and other individuals
adverse to the Enterprise.

d.    Members and associates of the Enterprise promoted
and celebrated, in music and on social media, the criminal
conduct of the Enterprise, namely narcotics distribution, acts
involving violence, and the use of firearms.

4

e.    Members and associates of the Enterprise
obtained, possessed, and used firearms.

f.    Members and associates of the Enterprise
distributed controlled substances, including heroin, fentanyl,
furanyl fentanyl, MDMA, dibutylone, and marijuana.

### The Racketeering Conspiracy

8.    From at least in or about 2017, up to and including in
or about November 2018, in the Southern District of New York and
elsewhere, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the
defendant, and others known and unknown, being persons employed
by and associated with the Enterprise described in Paragraphs
One through Seven of this Information, namely, Nine Trey, which
enterprise engaged in, and the activities of which affected,
interstate and foreign commerce, knowingly combined, conspired,
confederated, and agreed together and with each other to violate
the racketeering laws of the United States, to wit, Section
1962(c) of Title 18, United States Code, that is, to conduct and
participate, directly and indirectly, in the conduct of the
affairs of Nine Trey through a pattern of racketeering activity,
as that term is defined in Title 18, United States Code,
Sections 1961(1) and 1961(5), consisting of:

a.    multiple acts involving murder, chargeable under
the following provisions of state law:  New York Penal Law,
Sections 125.25 (murder), 110.00 (attempted murder), 105.15

5

(conspiracy to commit murder), and 20.00 (aiding and abetting murder);

b.     multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.05, 105.10 (conspiracy to commit robbery), 110.00 (attempted robbery), and 20.00 (aiding and abetting robbery);

c.     multiple acts indictable under Title 18, United States Code, Section 1951 (relating to the interference with commerce, robbery, or extortion); and

d.     multiple offenses involving the distribution of controlled substances, including, heroin, fentanyl, furanyl fentanyl, MDMA, dibutylone, and marijuana in violation of laws of the United States, namely Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), and 846, and Title 18, United States Code, Section 2.

9.     It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

6

## COUNT TWO
### (Firearms Offense – Racketeering Conspiracy)

The United States Attorney further charges:

10. From at least in or about 2017, up to and including in or about November 2018, in the Southern District of New York and elsewhere – except in connection with the offenses charged in Counts Three and Four (March 20, 2018), Five and Six (April 3, 2018), and Seven and Eight (June 2, 2018) of this Information – DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Information, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT THREE
### (Violent Crime in Aid of Racketeering – March 20, 2018)

The United States Attorney further charges:

11. At all times relevant to this Information, Nine Trey, as described in paragraphs 1 through 7 of Count One of this Information, which are repeated and incorporated by reference as though fully set forth herein, including its leadership,

7

members, and associates, constituted an enterprise, as that term
is defined in Title 18, United States Code, Section 1959(b)(2),
that is, an association in fact of individuals engaged in, and
the activities of which affected, interstate and foreign
commerce. The Enterprise constituted an ongoing organization
whose members functioned as a continuing unit for a common
purpose of achieving the objectives of the Enterprise.

12. At all times relevant to this Information, Nine Trey,
through its members and associates, engaged in racketeering
activity, as that term is defined in Title 18, United States
Code, Sections 1961(1) and 1959(b)(1), namely acts involving
murder and robbery, in violation of New York Penal Law, acts
indictable under Title 18, United States Code, Section 1951, and
offenses involving narcotics trafficking, in violation of Title
21, United States Code, Sections 812, 841, and 846.

13. On or about March 20, 2018, in the Southern District
of New York and elsewhere, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix
9ine," the defendant, and others known and unknown, as
consideration for the receipt of, and as consideration for a
promise and agreement to pay, a thing of pecuniary value from
Nine Trey, and for the purpose of gaining entrance to and
maintaining and increasing position in Nine Trey, an enterprise
engaged in racketeering activity, as described above, knowingly
attempted to murder an individual, and aided and abetted the

8

same, to wit, HERNANDEZ and others shot at an individual, who was a rival gang member, in the vicinity of Times Square in Manhattan, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5) and 2.)

## COUNT FOUR
### (Firearms Offense – March 20, 2018)

14.  On or about March 20, 2018, in the Southern District of New York, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted murder, as charged in Count Three of this Information, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT FIVE
### (Violent Crime in Aid of Racketeering – April 3, 2018)

The United States Attorney further charges:

15.  At all times relevant to this Information, Nine Trey, as described in paragraphs 1 through 7 of Count One of this Information, which are repeated and incorporated by reference as though fully set forth herein, including its leadership,

9

members, and associates, constituted an enterprise, as that term

is defined in Title 18, United States Code, Section 1959(b)(2),

that is, an association in fact of individuals engaged in, and

the activities of which affected, interstate and foreign

commerce.  The Enterprise constituted an ongoing organization

whose members functioned as a continuing unit for a common

purpose of achieving the objectives of the Enterprise.

16.  At all times relevant to this Information, Nine Trey,

through its members and associates, engaged in racketeering

activity, as that term is defined in Title 18, United States

Code, Sections 1961(1) and 1959(b)(1), namely acts involving

murder and robbery, in violation of New York Penal Law, acts

indictable under Title 18, United States Code, Section 1951, and

offenses involving narcotics trafficking, in violation of Title

21, United States Code, Sections 812, 841, and 846.

17.  On or about April 3, 2018, in the Southern District of

New York and elsewhere, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix

9ine," the defendant, and others known and unknown, as

consideration for the receipt of, and as consideration for a

promise and agreement to pay, a thing of pecuniary value from

Nine Trey, and for the purpose of gaining entrance to and

maintaining and increasing position in Nine Trey, an enterprise

engaged in racketeering activity, as described above, knowingly

assaulted individuals with a dangerous weapon, and aided and

10

abetted the same, to wit, HERNANDEZ and others participated in a gunpoint robbery of rivals of Nine Trey, in the vicinity of West 40th Street and 8th Avenue in Manhattan, New York, in violation of New York Penal Law, Sections 120.14 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT SIX
### (Firearms Offense - April 3, 2018)

The United States Attorney further charges:

18. On or about April 3, 2018, in the Southern District of New York, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon, as charged in Count Five of this Information, knowingly did use and carry firearms, and in furtherance of such crime did possess firearms, and did aid and abet the use, carrying and possession of firearms, some of which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii) and 2.)

## COUNT SEVEN
### (Violent Crime in Aid of Racketeering - June 2, 2018)

The United States Attorney further charges:

19. At all times relevant to this Information, Nine Trey, as described in paragraphs 1 through 7 of Count One of this Information, which are repeated and incorporated by reference as

11

though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

20. At all times relevant to this Information, Nine Trey, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder and robbery, in violation of New York Penal Law, acts indictable under Title 18, United States Code, Section 1951, and offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

21. On or about June 2, 2018, in the Southern District of New York and elsewhere, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Nine Trey, and for the purpose of gaining entrance to and maintaining and increasing position in Nine Trey, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a

12

dangerous weapon, and aided and abetted the same, to wit, HERNANDEZ aided and abetted the shooting at rivals of Nine Trey at a hotel in Times Square in Manhattan, New York, in violation of New York Penal Law, Sections 120.14 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT EIGHT
### (Firearms Offense – June 2, 2018)

The United States Attorney further charges:

22.  On or about June 2, 2018, in the Southern District of New York and elsewhere, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon, as charged in Count Seven of this Information, knowingly did use and carry a firearm, and in furtherance of such crime did possess a firearm, and did aid and abet the use, carrying and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT NINE
### (Narcotics Trafficking)

The United States Attorney further charges:

23.  In or about 2017, in the Southern District of New York and elsewhere, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant, and others known and unknown, intentionally and

13

knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

24. It was a part and an object of the conspiracy that DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

25. The controlled substance that DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant, conspired to distribute and possess with intent to distribute was one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION AS TO COUNT ONE**

26. As a result of committing the offense alleged in Count One of this Information, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix 9ine," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence

14

over, the enterprise named and described herein which the
defendant established, operated, controlled, conducted, and
participated in the conduct of, in violation of Title 18, United
States Code, Section 1962; and any and all property constituting
and derived from proceeds obtained, directly and indirectly,
from the racketeering activity alleged in Count One of this
Information, including but not limited to a sum of money in
United States currency representing the amount of proceeds
traceable to the commission of said offense that the defendant
personally obtained.

**FORFEITURE ALLEGATION AS TO COUNT NINE**

27. As a result of committing the offense charged in Count
Nine of this Information, DANIEL HERNANDEZ, a/k/a "Tekashi 6ix
9ine," the defendant, shall forfeit to the United States,
pursuant to Title 21, United States Code, Section 853, any and
all property constituting, or derived from, any proceeds
obtained, directly or indirectly, as a result of said offenses
and any and all property used, or intended to be used, in any
manner or part, to commit, or to facilitate the commission of,
said offenses, including but not limited to a sum of money in
United States currency representing the amount of proceeds
traceable to the commission of said offenses that the defendant
personally obtained.

15

## **Substitute Assets Provision**

28. If any of the property described above as subject to forfeiture, as a result of any act or omission of the above-named defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21 United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

GEOFFREY S. BERMAN صٖ
United States Attorney

16

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**DANIEL HERNANDEZ,
a/k/a "Tekashi 6ix 9ine,"**

**Defendant.**

**SUPERSEDING INFORMATION**

S5 18 Cr. 834 (PAE)

(18 U.S.C. §§ 924(c), 1959,
1962, and 2; 21 U.S.C. §§ 812,
841(a)(1), (b)(1)(A), and 846 )

GEOFFREY S. BERMAN
United States Attorney.