**LAW OFFICES**
# LAZZARO LAW FIRM, P.C.
360 COURT STREET
SUITE 3
BROOKLYN, NEW YORK 11231

TELEPHONE: (718) 488-1900
TELECOPIER: (718) 488-1927
EMAIL: LAZZAROLAW@AOL.COM

LANCE LAZZARO  
RANDALL LAZZARO *  
_____  
JAMES KILDUFF *  
JAMES KIRSHNER  
ROGER GREENBERG  

\* ADMITTED IN NY & NJ

February 4, 2019

Honorable Paul A. Engelmayer
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York  10007

    Re:    <u>United States v. Jamel Jones, et. al.</u>
             Case No.: 1:18–CR–0834 (PAE)

Dear Judge Engelmayer:

      As your Honor is aware, I represent Daniel Hernandez with regard to the above-referenced case. I previously submitted a letter to address the *Curcio* issue currently before this Court. I am writing now to address the letter submitted by Jeffrey Lichtman, attorney for Kifano Jordan, on Friday, February 1, 2019, and specifically to correct the multiple inaccuracies within Mr. Lichtman's letter.

      First, Mr. Lichtman suggests that I concurrently represented both Kifano Jordan and Daniel Hernandez in connection with this case. This suggestion is simply not accurate. Mr. Lichtman suggests that Kifano Jordan retained me to represent him "sometime following one of the shootings alleged in this case." <u>See</u> Lichtman letter, p.2. Your Honor should note the ambiguous and vague nature of Mr. Lichtman's assertion. Mr. Lichtman fails to state for what Kifano Jordan was retaining me, and he is also silent as to the date that Kifano Jordan supposedly retained me.

      While Mr. Lichtman's letter is silent as to the specific reason and timing of Kifano Jordan retaining me, in Mr. Lichtman's associate Jeffrey Einhorn's e-mail sent two days before Mr. Lichtman's letter states that Kifano Jordan sought to retain me "following the April 21, 2018 shooting." A copy of Mr. Einhorn's January 30, 2019 e-mail is attached hereto. Therefore, if Kifano Jordan retained me for something "following the April 21, 2018 shooting," then this clearly shows that Kifano Jordan did not retain me for anything connected or associated with this case. While the

Indictments in this case charge three shootings on three separate dates (April 21, 2018; June 2, 2018; and July 16, 2018), if Kifano Jordan retained me after the April 21, 2018 shooting, then Mr. Lichtman is clearly not claiming that Kifano Jordan retained me for his alleged involvement in either the June 2, 2018 or July 16, 2018 shootings charged in this case. Moreover, since the April 21, 2018 shooting discussed in the Indictment and Superseding Indictment does not charge Kifano Jordan with any involvement in the April 21, 2018 shooting (Fuguan Lovick is solely charged with this shooting), which allegedly took place near the Barclays Center, then Kifano Jordan did not retain me for anything connected or associated with this case. Accordingly, since Kifano Jordan did not retain me for anything connected or associated with this case, there has never been any concurrent representation with Kifano Jordan and Daniel Hernandez in connection with this case.

In order to better understand the issue before this Court, your Honor needs to have a better understanding of the circumstances under which Kifano Jordan retained me at the time discussed in Mr. Lichtman's letter. My association with Kifano Jordan at that time began with a call from his girlfriend on or about April 21, 2018. His girlfriend advised me that Kifano Jordan was then incarcerated in New Jersey and that officials from New Jersey were telling Kifano Jordan that he had a "warrant" out of Brooklyn, New York. Kifano Jordan was concerned that this "warrant" out of Brooklyn may act as a hold to prevent or delay his release from jail in New Jersey. I was then paid $5,000.00 to inquire about any potential "warrant" against Kifano Jordan and to represent him on the case that derives out of any potential "warrant."

As it turned out, Kifano Jordan had no warrant, but he did have an i-card out of the 90th precinct in Brooklyn, New York. The detectives out of the 90th precinct's Detective Squad would not provide any details about the basis for the i-card. I conveyed this information to Kifano Jordan. I never had a substantive conversation with Kifano Jordan regarding the facts of the case which was the basis of the aforementioned i-card. Mr. Lichtman's letter is simply not accurate when he suggests that Kifano Jordan and I "discussed the facts related to the shooting over the telephone and strategy related to his defense." I will almost never engage in a substantive factual conversation with an incarcerated client because most jails now record all prisoner calls, which can later be used against the inmate. Plus, at that time, Kifano Jordan's only real concern seemed to be whether the i-card situation would hold him in jail. He didn't seem to care about the alleged facts underlying the i-card; he was solely concerned with any potential obstacles which had the potential for delaying his release from jail.

Eventually, Kifano Jordan was released from jail in New Jersey because the NYPD never traveled to New Jersey to transport him to Brooklyn. After Kifano Jordan was released from jail in New Jersey, I heard from him once or twice in July and/or August of 2018, however, it had to do with my representation of Daniel Hernandez with respect to Mr. Hernandez's pending state cases at the time. Then in late October 2018, he asked me to represent his friend Zachary Bunce on a felony assault case in New York County[1] using the $5,000 that Kifano Jordan's girlfriend had given

---

[1] Zachary Bunce was charged with Attempted Gang Assault in the First Degree, P.L. § 110/120.07, in the case entitled The People of the State of New York v. Zachary Bunce, under Docket Number 2018NY042805.

me in connection with the above-discussed i-card situation.

Accordingly, I never actually represented Kifano Jordan with regard to this i-card case discussed above. He chose not to surrender to the 90th precinct, I took no action on the case except for making phone calls, I never had a substantive conversation with Kifano Jordan about the facts or any potential defenses, Kifano Jordan was never subsequently prosecuted on the case, and the money initially paid was allocated to another unrelated case for a different individual. Thus, I obtained absolutely no privileged information from Kifano Jordan as a result of this i-card situation because I never had a factual or strategic conversation with Kifano Jordan and no representation ever came out of this i-card situation.

Moreover, this potential i-card case clearly had absolutely nothing to do with the facts or offenses charged in any of the indictments from this case. The i-card case was out of the 90th precinct, which jurisdictionally handles cases arising out of the Bushwick section of Brooklyn. Whereas, the April 21, 2018 shooting, charged within the indictments, took place near the Barclays Center, which would be handled by the 78th precinct in Brooklyn, not the 90th precinct.

Furthermore, the April 3, 2018 and June 2, 2018 incidents charged in the indictments occurred in Manhattan, and the July 16, 2018 shooting in Brooklyn which is charged in the indictments would have been jurisdictionally within the confines of the 81st precinct. As such, the aforementioned i-card case had absolutely no connection with the factual allegations or charges set forth in the indictments herein. Nevertheless, to be clear, any information that I have obtained from Kifano Jordan as a result of my firm's attorney-client relationship with Kifano Jordan has never and would never be disclosed to anyone for any purpose. It is also inaccurate to suggest that Kifano Jordan and I had an ongoing and continuous attorney-client relationship from 2003 through 2018. I spoke with Kifano Jordan sporadically, on approximately five occasions, for the 16-year period. We were not in constant contact with each other over the past 16 years. Regardless of the frequency of our conversations, I have never disclosed any privileged communications between Kifano Jordan and I to anyone at any time.

Therefore, I never concurrently represented both Kifano Jordan and Daniel Hernandez on the case before this Court. Since there was no concurrent representation, at worst, there is merely a *potential* conflict of interest as a result of my former representation of Kifano Jordan in the various state cases discussed in my previous letter on this subject. However, this scenario makes Mr. Hernandez the *affected* party and Mr. Hernandez can decide whether to waive any such potential conflict, and in this case, Mr. Hernandez is willing to waive any potential conflict arising out of my firm's prior representation of Kifano Jordan.

(intentionally left blank)

Finally, if your Honor is unwilling to decide this issue based solely upon the papers submitted, I am requesting that this Court hold a *Curcio* hearing in order to address the factual disputes.

Very Truly Yours,

LAZZARO LAW FIRM, P.C.

BY:      /s/
     LANCE LAZZARO

cc.:    AUSA Michael Longyear
      via e-mail: michael.longyear@usdoj.gov
      AUSA Jacob Warren
      via e-mail: jacob.warren@usdoj.gov
      Jeffrey Lichtman (attorney for Kifano Jordan)
      via e-mail: jl@jeffreylichtman.com