# DAWN M. FLORIO LAW FIRM, PLLC
Attorney & Counselors at Law
909 3rd Avenue, 28th Floor
New York, NY 10022
Telephone: (212) 939-9539
Facsimile: (347) 398-8062
DawnMFlorio@yahoo.com

***ADMITTED IN NY & NJ STATE AND FEDERAL**

February 11, 2019

VIA ECF
Honorable Paul A. Engelmayer
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:        United States v. Jamel Jones, et.al.
        Case No.:    S6 18 cr. 834(PAE)

Dear Judge Engelmayer;

      I represent Daniel Hernandez in the above referenced case. I have not represented any of the co-defendants in this matter. Therefore I am non-conflicted counsel for Mr. Hernandez. I have spoken to him independently without the presence of Lance Lazzaro concerning Mr. Lazzaro's previous representation of Kifano Jordan and Faheem Walter and any potential conflicts.

      There is a potential conflict as a result of Mr. Lazzaro's former representation of Mr. Jordan and Mr. Walter.

      It is my position that it is only my client Daniel Hernandez who has to waive any potential conflicts to permit Mr. Lazzaro to represent Mr. Hernandez. After consulting with my client, Mr. Hernandez is willing to waive any potential conflicts arising out of Mr. Lazzaro's former representations of Kifano Jordan and Faheem Walter.

      I would suggest that the procedures to be followed to obtain such a waiver would be questions proposed by the government in their January 16, 2019 letter to the court.

**Proposed Curcio Examination**
*United States v. Jamel Jones et al.*

A. **Introductory Questions To Establish Competence**

   Age

   Education

   Current medications

   Alcohol, drugs, medications within past 24 hours

   Is anything interfering with your ability to understand what is happening here today?

B. **Potential Conflict of Interest Posed by Lance Lazzaro's Prior Representation of Kifano Jordan and Faheem Walter**

   **Daniel Hernandez**

   1. Are you satisfied with the services of Mr. Lazzaro thus far in the case?

   2. Has Mr. Lazzaro informed you that he represented co-defendant Kifano Jordan and Faheem Walter?

   3. Do you understand that the fact that Mr. Lazzaro represented Mr. Jordan and Mr. Walter likely had conversations with him that are likely covered by attorney-client privilege and could lead Mr. Lazzaro to have loyalties divided between yourself and Mr. Jordan and Mr. Walter?

   4. Let me give you some examples of the ways in which Mr. Lazzaro's privileged conversations with Mr. Jordan and Mr. Walter could adversely affect his representation of you in this case.

      a. Are you aware that Mr. Lazzaro could possibly have information from Mr. Jordan or Mr. Walter that would be helpful in defending you, but that he would be absolutely prohibited from using it to defend you because of the attorney client privilege?

      b. Similarly, do you understand that, should this case proceed to trial, and Mr. Jordan or Mr. Walter were to testify, Mr. Lazzaro may have information to cross examine Mr. Jordan or Mr. Walter and would be prohibited from using it because it is protected by the attorney-client privilege?

   5. Tell me in your own words what your understanding is of the potential conflicts of interest arising in this situation.

6. Do you understand that one danger to you is in the inability to foresee all of the possible conflicts that might arise because of Mr. Lazzaro's prior privileged conversations with Mr. Jordan and Mr. Walter and his current representation of you?

C. **The Right to Conflict-Free Representation**

7. Do you understand that, in every criminal case, including this one, the defendant is entitled to assistance of counsel whose loyalty to him is undivided, who is not subject to any factor that might in any way intrude upon an attorney's loyalty to his interests? In other words, do you understand that you are entitled to an attorney who has only your interests in mind, and not the interests of any other client?

8. Have you received any inducements, promises or threats with regard to your choice of counsel in this case?

9. Have you consulted with any attorneys other than Mr. Lazzaro about the dangers to you of this potential conflict of interest?

D. **Continuation of *Curcio* Hearing**

10. After considering all that I have said today about the ways in which Mr. Lazzaro's prior representation of Mr. Jordan and Mr. Walter may adversely affect your defense, do you believe that it is in your best interest to continue with him as your attorney? Is that your wish?

11. Do you understand that by choosing to continue with Mr. Lazzaro as your attorney, you are waiving your right to be represented solely by an attorney who has no conflict of interest?

12. Are you knowingly and voluntarily waiving your right to conflict-free representation?

13. Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of Mr. Lazzaro's prior representation of Mr. Jordan and representation of Mr. Walter, you were denied effective assistance of counsel by Mr. Lazzaro?

14. Is there anything that I have said that you wish to have explained further?

Respectfully submitted,

By: *Dawn M. Florio*
Dawn M. Florio, Esq

cc: All counsel of records (by ECF)