```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
UNITED STATES OF AMERICA      :     PROTECTIVE ORDER
                              :
     - v. -                   :
                              :     S6 18 Cr. 834 (PAE)
JAMEL JONES et al.,           :
                              :
                Defendants.   :
                              :
------------------------------x
```

HONORABLE PAUL A. ENGELMAYER, District Judge:

WHEREAS the Government intends to produce to KINTEA MCKENZIE, a/k/a "Kooda B," the defendant in the above-captioned matter, certain discovery materials that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this action; and

WHEREAS pursuant to Rule 16(d)(1) and Title 18, United States Code, Section 3771, the Government desires to protect the confidentiality of the above-referenced materials, and for good cause shown;

IT IS HEREBY ORDERED:

1. Discovery materials produced by the Government to the defendants, or their counsel, or the coordinating discovery attorney, that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

2. Confidential Material disclosed to the defendant, or to the defendant's attorney, or to the coordinating discovery attorney,[1] during the course of proceedings in this action:

(a) shall be used by the defendant or his counsel or the coordinating discovery attorney only for purposes of this action;

---

[1] Emma M Greenwood, the court-appointed Coordinating Discovery Attorney (CDA), may disclose, make copies of, or reveal the contents of materials identified in paragraphs 2 and 3 to defense counsel who have entered appearances in this matter and to her employees who are assisting in the preparation and dissemination of such materials, and to third party vendors she may deem necessary to retain to process the discovery she receives, all in furtherance of fulfilling her duties and obligations under this Court's November 27, 2018 Order appointing Ms. Greenwood as CDA. Ms. Greenwood shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and she shall instruct such other persons that further disclosure is prohibited.

(b) shall be kept in the sole possession of the defendant's counsel or the defendant or the coordinating discovery attorney;

(c) shall not be copied or otherwise recorded by the defendant except at the direction of defendant's counsel;

(d) shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(e) below;

(e) may be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

    (i) secretarial, clerical, paralegal, investigative, and student personnel employed full-time or part-time by the defendant's counsel;

    (ii) independent expert witnesses, investigators, or consultants retained by the defendant or on his behalf in connection with this action;

    (iii) potential witnesses, but only insofar as defense counsel may show the Confidential Information to potential witnesses without

these individuals retaining copies of the Confidential Information; and

(iv) such other persons as hereafter may be authorized by the Court upon a motion by the defendant;

(f) shall be either (i) returned to the Government following the conclusion of this case (including all appeals, petitions for habeas corpus, or other collateral relief proceedings or the time periods in which such relief can be sought, whichever is longer), together with any and all copies thereof, or (ii) destroyed together with any and all copies thereof, with defendant's counsel verifying in writing to the Government that such destruction has taken place.

3. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

4. Sensitive Material disclosed to the defendant, or to the defendant's attorney, or the coordinating discovery attorney, during the course of proceedings in this action, shall be subject to the conditions applicable to Confidential

Material, with the excpetion of paragraph 2(b) above. Sensitive Material may be shown to the defendant, but may not be maintained in the defendant's possession.

    5.   The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom Confidential Material is disclosed pursuant to paragraph 2(e). Designated Persons shall be subject to the terms of this Order.

    6.   The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or to any judge or magistrate of this Court for purposes of this action.

7. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

> GEOFFREY S. BERMAN
> UNITED STATES ATTORNEY
>
> By: _____
> Michael D. Longyear / Jacob Warren
> Assistant United States Attorneys
>
> _____
> Lisa Scolari, Esq.
> Counsel for Kintea McKenzie

SO ORDERED:

2/12/19

_____
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE