LAW OFFICES OF

# STEPHEN TURANO

———

sturano@turanolaw.com

275 MADISON AVENUE
35TH FLOOR
NEW YORK, NY 10016
———

TEL (917) 974-1781
FAX (212) 208-2981

60 PARK PLACE
SUITE 703
NEWARK, NJ 07102
———

TEL (973) 648-6777
FAX (212) 208-2981

REPLY TO NEW JERSEY OFFICE

April 5, 2019

**<u>Via Email</u>**
Hon. Paul A. Engelmayer, U.S.D.J.
Thurgood Marshall U.S. Courthouse
Courtroom 1305
40 Foley Square
New York, NY 10007

   Re: <u>United States v. Denard Butler , et al.</u>
     Case No. 18 Cr. 834 (PAE)

Dear Judge Engelmayer:

  I represent Denard Butler in the above-referenced matter.  A detention hearing was waived at Mr. Butler's initial appearance without prejudice to bring a subsequent request for bail.  At this time, Mr. Butler requests a detention hearing and, for the reasons that follow, I respectfully submit that Mr. Butler's release on bail is warranted.

  Mr. Butler was taken into custody without incident by federal agents upon the unsealing of a superseding indictment.  Although, Mr. Butler is charged in multiple counts—Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), firearm offenses in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii) and (iii), and VICAR offenses in violation of 18 U.S.C. § 1959(a)(3)—they arise from one alleged assault with a deadly weapon (gun) for which the Government will no doubt concede that Mr. Butler was not the person who lead or organized the assault, was not the individual who brandished the gun (which was not discharged), and no physical injury resulted.

  The Bail Reform Act requires the release of a defendant on the "least restrictive" conditions necessary to "reasonably assure the appearance of the person as required and the safety of any other person and the community." <u>See</u> 18 U.S.C. § 3142(c)(1)(B)(i).  To that end, a court "shall order the pretrial release of a person on personal recognizance, or upon the execution of an unsecured appearance bond in an amount specified by the court, … unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).  Both the Bail Reform Act and case

1

law make clear that "it is only a limited group of offenders who should be denied bail pending trial." United States v. Sabhnani, 493F.3d 63 75 (2d Cir. 2007), quoting United States v. Shakur, 817 F.2d 189,195 (2d Cir. 1987) (citation omitted).

 The defense acknowledges that Mr. Butler is eligible for detention because he is charged with a "crime of violence." 18 U.S.C. § 3142(f)(1)(A). Indeed, in this case there is a rebuttable presumption for detention. Nonetheless, the defendant bears only "a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001), citing, United States v. Rodriguez, 950 F.2d 85,88 (2d Cir. 1991); United States v. Martir, 782 F.2d 1141, 1144 (2d Cir. 1986).

 Moreover, even in a presumption case such as this, the Government still carries a dual burden. See Mercedes, 254 F.3d at 436; see also Sabhnani, 493 F.3d at 75. First, the Government "retains the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community," Mercedes, 254 F.3d at 436, citing, Rodriguez, 950 F.2d at 88. Second, the Government also retains the "ultimate burden of persuasion by the lesser standard of preponderance of the evidence that the defendant presents a risk of flight," id. at 436, citing, Martir, 782 F.2d at 1146. Furthermore, even in a case such as this, the Government is still required to establish that no assortment of bail conditions will assure the defendant's presence and the safety of others. See 18 U.S.C. § 3142(e), (f); see also Sabhnani, 493 F.3d at 75.

 Here, we respectfully submit that Mr. Butler satisfies his "limited burden of production" and the Government will be unable to satisfy any prong of its burden of persuasion, namely, that Mr. Butler presents a danger to the community or risk of flight that no assortment of bail conditions cannot eliminate.

 Although none of the proposed "financially responsible persons" (FRP) owns property, Mr. Butler's family and friends are willing to comply with any conditions to provide the Court with confidence that Mr. Butler will not pose a danger to the community or a risk of flight while on pretrial release. Accordingly, the defense respectfully submits that Mr. Butler be released on a $200,000 personal recognizance bond signed by seven financially responsible sureties, ankle monitor, with strict travel limits, including home detention, and any other conditions the Court determines necessary. See 18 U.S.C. § 3142(c). The defense submits that this bail package is sufficient to ensure Mr. Butler's presence at all future Court appearances.

 An analysis of each of the statutory factors set forth in 18 U.S.C. § 3142(g), together with the proffered bail package and any condition of release that the Court believes appropriate, demonstrates that the Government will be unable to meet its burden of proof that Mr. Butler presents a danger to society, which cannot be ameliorated by any combination of conditions, especially hone detention.

 First, Mr. Butler is not a risk of flight. The strength of his bail package is significant. The seven proposed FRP—Juanita Alston (long-time girlfriend and mother to his daughter), Kim Alston (mother-in-law), Tasheema Drayton (sister), Robert James (step father), Willie Hilton (brother-in-law), Jerry Steele (long-time fried), Robert Simmons (long-time friend), and Tishawn Thomas (long-time friend) father)—are financially responsible and each share a close relationship with Mr. Butler. Combined, the FRP's income will provide adequate collateral for the proposed bond and the additional signer's connection to Mr. Butler provides the moral suasion necessary for the Court's issuance of a bail. In

addition, Mr. Butler will live with Juanita Alston, who will serve as a third-party custodian, and their son, Deshea, who is one year old.  Clearly, the defendant enjoys a strong family-support network, which is evidenced by the proposed bail package.

Moreover, Mr. Butler is a life-long resident of New York.  He does not possess a passport and never traveled outside of the United States.  All of his ties are to the New York area.  Likewise, his two children, Janard, age 12, and Deshea, both reside in New York.  Ms. Alston is also a life-long resident of New York and, like Mr. Butler, all of her ties are in New York.

The defense acknowledges that Mr. Butler has a criminal history, which includes acts of violence.  Importantly, however, Mr. Butler has never failed to appear for any court proceeding associated with his other state prosecutions, even without the added conditions of electronic monitoring and home detention. In short, Mr. Butler's past actions support the defenses argument that he is not a flight risk.

In addition, notwithstanding the charges and his criminal history, Mr. Butler does not pose an appreciable danger to the community that cannot be eliminated or substantial reduced with the strict conditions (i.e., home detention) available to the Court and Pretrial Services.  Mr. Butler comes before this Court presumptively innocent and able to carry his burden of production to establish that he should be released on bail.  The Superseding Indictment in this case alleges that Mr. Butler participated in only one of the charged VICAR acts—an April 3, 2018 robbery in which Mr. Butler was neither the gunman, organizer or leader.  It also names him in a 924(c) count, but is devoid of any specifics related to what Mr. Butler did that would make him a "danger to the community."

Significantly, any potential danger related to Mr. Butler's alleged conduct can be alleviated by these conditions:

1. Pretrial Services supervision as directed;

2. Maintain residence with his father who shall serve as his third-party custodian;

3. Travel restricted to the Southern and Eastern Districts of New York;

4. Surrender all travel documents and make no new applications;

5. No contact with codefendants unless in presence of counsel;

6. Seek and maintain verifiable employment and continue/complete education program;

7. Drug testing and treatment as directed; and

8. Refrain from possession of a firearm, destructive device or other dangerous weapon.

Defendant Denard Butler, by and through counsel, respectfully submits that he has clearly and convincingly demonstrated that he poses no threat to the community nor risk of flight; at an absolute minimum the defense has certainly met its "limited burden" of production.  The burden of proof now shifts to the Government.  For all of the reasons expressed above, the defense respectfully submits that the Government will be unable to carry its much more onerous burden to establish that Mr. Butler in fact

presents a danger to the community or a serious risk of flight that cannot be eliminated through the proposed conditions of release.

Accordingly, the defense respectfully requests that the Court release Mr. Butler on the proposed bail package.

Respectfully submitted,

/s/ *Stephen Turano*

Stephen Turano
Attorney for Denard Butler

cc:    Counsel for the Government (by ECF and email)