UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,　　　　　　　　**MOTION TO MODIFY**
　　　　　　　　　　　　　　　　　　　　　　　　　　**A PRISON SENTENCE**
　　　- against -　　　　　　　　　　　　　　　　**PURSUANT TO 18 U.S.C. § 3582(c)**

DANIEL HERNANDEZ,
　　　　　　　　　　　　　　　　　　　　　　　　Case No.: 1:18-CR-0834 (PAE)
　　　　　　Defendant.
--------------------------------------------------------x

　　　　Defendant DANIEL HERNANDEZ (hereinafter "Hernandez"), through his attorney, LANCE LAZZARO, hereby moves this Court, before the Honorable Paul A. Engelmayer, held at the United States Courthouse, United States District Court, Southern District of New York, 40 Foley Square, New York, New York, at a date and time to be set by the Court, for an order, pursuant to Title 18, section 3582(c) of the United States Code, modifying the term of imprisonment imposed as part of Hernandez's sentence to mandate that the remainder of Hernandez's jail sentence be served under home confinement, or alternatively, in a community correctional facility (hereinafter "CCC").

## BACKGROUND

　　　　As this Court may recall, on December 18, 2019, Judge Engelmayer imposed a 24-month term of imprisonment as part of Hernandez's sentence in connection with the above-captioned case. Hernandez's sentence was imposed following his guilty plea to Racketeering, 18 U.S.C. § 1962, and other related charges, and in consideration of the government's motion pursuant to U.S.S.G. § 5K1.1 based upon Hernandez's "substantial assistance" to the government. Hernandez's extensive cooperation and extraordinary assistance to the government was thoroughly discussed at his sentencing. Despite the significant threat to his music career and his personal safety, Hernandez first

publicly denounced the Nine Trey Gansta Bloods and later testified in a highly publicized trial that led to the convictions of two Nine Trey members.

As a result of Hernandez's cooperation with the government against multiple gang members with the Bloods, Hernandez's safety is still, and will continue to be for the foreseeable future, seriously at risk. Additionally, this Court ordered continued cooperation with the government as part of Hernandez's sentence. Given the significant and ongoing threat to Hernandez's safety as a result of his past and potential future cooperation, the government has filed papers which force Hernandez to remain incarcerated at a private jail in an effort to secure his safety. However, even at the private jail, Hernandez is still housed with various members of the Bloods. Moreover, the government's actions meant to keep Hernandez safe also means that Hernandez will never be designated to any Bureau of Prisons facility. So as a result of Hernandez's substantial assistance to the government in connection with a dangerous street gang and his mandated continued cooperation as part of his sentence, Hernandez is being forced to serve the remainder of his term of imprisonment at a private jail, not at a Bureau of Prisons facility.

## ANALYSIS

According to Title 18, section 3621(a) of the United States Code, any defendant sentenced to a term of imprisonment is supposed to be committed to the custody of the Bureau of Prisons until the defendant is eligible for early release via home confinement or a CCC pursuant to section 3624(c). Title 18, section 3624(c) of the United States Code requires the Bureau of Prisons to ensure that prisoners serving a term of imprisonment spend a portion of the final months of that term under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for reentry into the community. Therefore, any defendant sentenced to a term of imprisonment, such as

Hernandez, should be entitled to serve the final months of his jail sentence either in home confinement or in a CCC. However, given Hernandez's safety classification and the government's actions which have forced Hernandez's continuous incarceration at the private jail, Hernandez has effectively been denied that which every other sentenced prison receives, that being consideration for home confinement or CCC placement during the final months of the prison term. In other words, Hernandez is being denied his right to apply for home confinement and/or CCC placement, as per 18 U.S.C §3624(c).

As discussed above, due to Hernandez's valuable role as a cooperating government witness, he is being forced to serve his 24-month jail sentence at the private jail, which is a private facility that falls outside the scope of the Bureau of Prisons. Considering the helpful nature of his role in the government's case, see *USA v. Jones et al*, SDNY 18-CR-0834, his celebrity status, and his immaculate disciplinary record, Hernandez would be a more than satisfactory candidate for placement in home confinement, or a CCC. Yet by placing Hernandez in a private facility, he is being stripped of the benefits granted to all other prisoners under 18 U.S.C §§ 3621 and 3624(c).

Mr. Johnson of the Federal Bureau of Prisons Northeast Regional Division's Legal Department has informed me that based on a hold placed by the United States Attorney's Office, Hernandez will never enter into a Bureau of Prisons facility. While this hold was placed as a safety precaution, its effect will prevent Hernandez's release from a Bureau of Prisons facility into home confinement or a CCC. Mr. Johnson states that unless Hernandez enters into a Bureau of Prisons facility, he has no ability to be considered for either home confinement or a CCC.

As the court is well aware, Rolland Martin, a co-conspirator convicted in Hernandez's case, was almost killed in a Bureau of Prisons facility, not for cooperating with the government, but for

merely renouncing his membership in the gang. Furthermore, even the private facility where Hernandez is currently housed has variety of Blood members housed at the facility. Therefore, it is foreseeable that placement in any Bureau of Prisons facility, including any CCC, would jeopardize Hernandez's safety. Accordingly, allowing Hernandez to serve the remainder of his jail sentence under home confinement would be the most reasonable means to adjust and prepare for his re-entry into the community. Given the sensitive nature of his testimony as a government witness and his celebrity status, my client will have to take extreme measures for both the security of himself and his family for quite possibly the rest of their lives. If federal prisoners have a legal right to transition from jail into either a CCC or home confinement prior to the expiration of their jail sentences, then defendants who have provided "substantial assistance" to the government should not be deprived of basic rights to spend the final months of their term of imprisonment in home confinement of a CCC. As a result of Hernandez's status and cooperation, he is effectively being forced to serve his prison term in its entirety without consideration for early release into home confinement or a CCC because he will never enter a Bureau of Prisons facility.

    It would be a grave injustice for Hernandez to be denied the reasonable opportunity to adjust to and prepare for his re-entry into the community due to his cooperation with the government and placement in a private facility by the government for safety reasons. Re-entry into the community is inherently challenging for most prisoners and will be even more challenging for Hernandez. Due to his distinctive characteristics and appearance, the nature of his role as a government witness, his severance of ties with a violent gang and social status, his transition back into the community will be both difficult and high-risk. The mere fact that Hernandez is a government cooperator should not unlawfully strip him of his rights as a prisoner to adjust and prepare for community re-entry. In order

to adequately adjust and prepare for such re-entry, while considering the legal analysis discussed above, I am requesting that Hernandez's sentence be modified, so as to grant him the opportunity to be placed in home confinement for the remainder of his term of imprisonment. Hernandez is seeking an order, pursuant to 18 U.S.C. § 3582(c), to modify his term of imprisonment to mandate that the remainder of Hernandez's jail sentence be served under home confinement, or alternatively, in a CCC.

Dated: Brooklyn, New York
January 14, 2020

/s/

LANCE LAZZARO

Attorney for Defendant
Lazzaro Law Firm, P.C.
360 Court Street, Suite 3
Brooklyn, New York  11231
(718) 488 – 1900
lazzarolaw@aol.com

TO:  CLERK OF THE COURT
United States District Court
Southern District of New York
40 Foley Square
New York, New York

HONORABLE PAUL A. ENGELMAYER
United States District Court
Southern District of New York
40 Foley Square
New York, New York

AUSA JONATHAN REBOLD
via e-mail:  jonathan.rebold@usdoj.gov

AUSA JACOB WARREN
via e-mail:  jacob.warren@usdoj.gov

AUSA MICHAEL LONGYEAR
via e-mail:  michael.longyear@usdoj.gov