UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

DANIEL HERNANDEZ,

               Defendant.

19 Cr. 834 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      The Court has received a letter request from defense counsel seeking a modification of the sentence of defendant Daniel Hernandez. Dkt. 437. Counsel represents that Mr. Hernandez is expected to be released from custody on or about July 31, 2020. Counsel asks the Court to modify the sentence to provide that the remaining months of Mr. Hernandez's prison sentence be served pursuant to home confinement, to reduce the risk that Mr. Hernandez, who has been diagnosed with asthma, will contract COVID-19 in prison. *Id.* The Court has also received a letter from the Government opposing this request, largely on the ground that the Court lacks authority to grant this request, Dkt. 438, and a letter reply from counsel for Mr. Hernandez, Dkt. 439.

      The Court is constrained to deny Mr. Hernandez's request. Having canvassed potential sources of legal authority, the Court concludes that it lacks the legal authority to thus modify his sentence. And counsel for Mr. Hernandez, in his letters, has not identified any available such authority. Briefly:

    1. The statute authorizing the temporary release of defendants awaiting trial or sentence, 18 U.S.C. § 3142(i), does not apply to sentenced defendants.

2. Federal Rule of Criminal Procedure 35(a), which permits modifications of sentences to correct technical errors if made within 14 days of sentencing, does not apply. Rule 35(b), which provides for a reduction of sentence on a Government motion based on substantial assistance rendered after sentencing, also does not apply, as there has not been any such motion.

3. The "compassionate release" statute, 18 U.S.C. § 3582(c), also does not apply. It provides for the reduction of a prisoner's sentence only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Hernandez does not appear to have sought any such relief within the Bureau of Prisons, let alone exhausted his administrative remedies.

4. The statute authorizing temporary release of prisoners, under defined circumstances, for purposes including attending a funeral of a relative or obtaining medical treatment not otherwise available, 18 U.S.C. § 3622(a), does not apply, as the determination whether to grant such release resides with the Bureau of Prisons, not the sentencing court.

The Court, however, is prepared to state the following, as it may be instructive guidance to the Bureau of Prisons in considering an application by Mr. Hernandez for release on home confinement. The Court's judgment at sentencing was that the § 3553(a) factors required imposition of the sentence imposed. And based on the same assessment, the Court later rejected Hernandez's motion to modify his sentence to substitute home confinement for the balance of his

term of imprisonment, Dkt. 409, on the grounds that such a modification "would disserve the assembled 18 U.S.C. § 3553(a) factors, including that Mr. Hernandez's sentence reflect the seriousness of his crimes." Dkt. 411.  At the time of sentencing, however, the Court did not know and could not have known that the final four months of Mr. Hernandez's sentence would be served at a time of a worldwide pandemic to which persons with asthma, like Mr. Hernandez, have heightened vulnerability.  Section 3553(a) instructs a sentencing court to consider, *inter alia*, the "history and characteristics of the defendant" and "the need to provide the defendant with needed . . . medical care."  18 U.S.C. § 3553(a).  Had the Court known that sentencing Mr. Hernandez to serve the final four months of his term in a federal prison would have exposed him to a heightened health risk, the Court would have directed that these four months be served instead in home confinement.

The Court accordingly denies Mr. Hernandez's motion for relief.


SO ORDERED.

                                               *Paul A. Engelmayer*
                                             PAUL A. ENGELMAYER
                                             United States District Judge

Dated: March 25, 2020
       New York, New York