LAW OFFICES
# LAZZARO LAW FIRM, P.C.

360 COURT STREET
SUITE 3
BROOKLYN, NEW YORK 11231

TELEPHONE: (718) 488-1900
TELECOPIER: (718) 488-1927
EMAIL: LAZZAROLAW@AOL.COM

LANCE LAZZARO

RANDALL LAZZARO *

———————————

JAMES KILDUFF *
JAMES KIRSHNER
ROGER GREENBERG

* ADMITTED IN NY & NJ

March 26, 2020

Director Michael D. Carvajal
Federal Bureau of Prisons
Central Office
320 First Street, NW
Washington, DC  20534

**Re:**   **Inmate Daniel Hernandez**
         **United States Marshall No.:  #####-###**

Dear Mr. Carvajal:

Please be advised that I represent the above-referenced inmate, Daniel Hernandez, as his attorney. On behalf of Daniel Hernandez, I submit the following as a request for compassionate release, pursuant to 18 U.S.C. § 3582(c) and 28 C.F.R. § 571.61. There are now extraordinary and compelling circumstances, unforseen at the time of Mr. Hernandez's sentence, which necessitate his immediate release from prison.

As you are almost certainly aware, the current outbreak of the novel coronavirus, COVID-19, is absolutely devastating the New York City region, it is highly contagious, and this virus can be deadly for individuals with pre-existing conditions and/or compromised immune systems. Officials have called New York City the epicenter of the current COVID-19 epidemic. As of March 24, 2020, 60 percent of all new COVID-19 cases in the United States were coming out of the New York City metro area. Moreover, the vast majority of the now 100 deaths in New York City caused by COVID-19 were to individuals with pre-existing conditions.

One such pre-existing condition is asthma. As verified in paragraph 140 of Mr. Hernandez's pre-sentence report, he suffers from asthma and has regularly been hospitalized due to serious asthma attacks. Additionally, as per paragraph 143 of the PSR, while incarcerated, Mr. Hernandez was diagnosed with bronchitis and sinusitis on October 31, 2019 and was hospitalized for treatment. Additionally, Mr. Hernandez has recently been complaining to prison officials about his shortness of breath, but apparently, the warden of his facility will not allow Mr. Hernandez to go to the hospital despite the recommendation of the facility's medial director that Mr. Hernandez be treated by a doctor at a hospital. I have attached copies of Mr. Hernandez's recent medical records from his jail.

The threat of COVID-19 is real, even within the sheltered environment of jails. The

significant risk to high-risk individuals and the alarming contagious nature of this virus has caused New York City Corrections and the New York State Courts too release hundreds of inmates who are either at high risk from COVID-19, serving short prison sentences, or close to their projected release dates.  This virus has not only struck New York City jails; federal facility MDC Brooklyn has also had a positive test for COVID-19.

Accordingly, given that Mr. Hernandez is at very high risk of death or serious complications if he contracts COVID-19, extraordinary and compelling circumstances exist, unforseen at the time of Mr. Hernandez's sentence, which mandate his immediate release pursuant to 18 U.S.C. § 3582(c) and 28 C.F.R. § 571.61.  Mr. Hernandez was sentenced to 24 months in jail on December18, 2019, at a time when no one in the United States was concerned or even discussing the coronavirus.  Most inmates with such a 24-month sentence would already be on home confinement or at a half-way house, but Mr. Hernandez's status as a cooperating witness and the government's continued hold has forced him to remain out of the Bureau of Prison's ("BOP") custody and incarcerated at a private facility, making Mr. Hernandez ineligible for programs such as home confinement and half-way houses.

Both before and after his sentence months ago, Mr. Hernandez continues to be incarcerated at the Queens Detention Facility, located at 18-222 150th Avenue, in Jamaica, Queens County, New York.  The Queens Detention Facility is a private prison operated by the GEO Group.  Since the government maintains a hold on Mr. Hernandez, he will never be designated to a BOP facility, effectively making him ineligible for any early-release program (e.g. home confinement) and forcing him to remain incarcerated until his projected release date of July 31, 2020.  Mr. Hernandez has provided substantial assistance to the government, did anything ever asked of him by the government, and now the government's hold, forcing Mr. Hernandez to remain a non-BOP inmate, has deprived Mr. Hernandez of privileges guaranteed by statute and enjoyed by virtually every other BOP inmate serving the same 24-month sentence.

Given Mr. Hernandez's procedural predicament as a non-BOP inmate preventing early release programs like home confinement, I have moved his sentencing judge, the Honorable Paul A. Engelmayer, of the United States District Court, Southern District of New York, to request a modification of Mr. Hernandez's sentence, so as to order his release from jail and begin home confinement.  A copy of Judge Engelmayer's order denying my motion is attached hereto.  In his order, Judge Engelmayer stated that the devastating effects of the current COVID-19 epidemic was completely unforseen at the time of Mr. Hernandez's sentence.  Ultimately, Judge Engelmayer denied my request to release Mr. Hernandez, citing unfortunately that he lacked legislative authority to grant Mr. Hernandez's release; however, Judge Engelmayer also strongly urged BOP to release Mr. Hernandez in order to safeguard him from the potential risk of death or serious complications of COVID-19.

Thus, in accordance with Judge Engelmayer's suggestion of action, and the mandates of 18 U.S.C. § 3582(c) and 28 C.F.R. § 571.61, which endorse the compassionate release of inmates facing extraordinary and compelling circumstances (unforseen at the time of Mr. Hernandez's sentence),

please issue an order immediately releasing Mr. Hernandez from prison.

      Please note, I am directing this request to your attention because I am unable to make such a request to the warden of Mr. Hernadez's current facility, as non-BOP private facility.  Please also expedite this request given the serious nature of the threat that Mr. Hernandez faces if exposed to COVID-19.

      If released, Mr. Hernandez will be residing with his mother and other family members at the home located at _____, in _____, _____ #####.  His mother's name is _____ _____.  The following other family members will also be residing at the location: _____; _____; and _____. If released, Mr. Hernandez will remain home in order to self-quarantine and best protect himself from exposure to COVID-19.  Mr. Hernandez has employment, if released, as a recording artist, and he also has health insurance if he needs to seek medical attention.

      Accordingly, please grant Mr. Hernandez's request for compassionate release pursuant to 18 U.S.C. § 3582(c) and 28 C.F.R. § 571.61, based upon the extraordinary and compelling circumstances discussed above, which were unforseen by the judge at the time of sentence.  Thank you for your consideration, and please contact me if you have any questions or need any additional information.

      Very Truly Yours,

      LAZZARO LAW FIRM, P.C.

      BY: _____/s/_____
            LANCE LAZZARO

cc.:    AUSA Michael Longyear
       via e-mail: michael.longyear@usdoj.gov