*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 1, 2020

**BY ECF**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Daniel Hernandez*, S5 18 Cr. 834 (PAE)

Dear Judge Engelmayer:

      The Government writes in response to the Court's April 1, 2020 Order (ECF No. 446) asking whether the defendant has exhausted all administrative rights set forth in 18 U.S.C. § 3582(c)(1)(A).

      In light of the Bureau of Prisons letter dated April 1, 2020, which was attached to the defendant's supplemental submission (ECF No. 447), the defendant has now exhausted his administrative rights. The defendant has been in custody since November 18, 2018. On December 18, 2019, the Court sentenced the defendant to 24 months' imprisonment, to be followed by five years' supervised release. Based on good time credit, the Bureau of Prisons has calculated that the defendant's anticipated release date is August 2, 2020.

      Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court has the authority to "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable," if the Court finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

      During the sentencing of the defendant on December 18, 2019, the Court extensively analyzed the Section 3553(a) factors as applied to the defendant, including, among other factors, the cooperation the defendant provided the Government in its investigation and prosecution of the Nine Trey Gangsta Bloods. The Court further noted in its March 25, 2020 Order (ECF No. 440), that Section 3553(a) instructs the sentencing court to consider "the need to provide the defendant with needed . . . medical care," (ECF No. 440 at 3 (quoting 18 U.S.C. 3553(a)), and indicated that the Court intended to grant the defendant's motion if it had the legal authority to do so.

Accordingly, in light of the analysis under Section 3553(a) detailed during the defendant's sentencing and the Court's March 25 Order, in the event the Court finds "extraordinary and compelling reasons" presented by the defendant's medical condition, placing him at high risk during the COVID-19 outbreak, the Government does not oppose the defendant's motion for compassionate release.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

by:  s/_____
     Michael D. Longyear
     Jonathan E. Rebold
     Jacob Warren
     Assistant United States Attorneys
     (212) 637-2223 / 2512 / 2264

cc: Lance Lazzaro, Esq. (by ECF)
    Dawn Florio, Esq. (by ECF)