UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

DANIEL HERNANDEZ,

Defendant.

---

18 Cr. 834-04 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received a request from defense counsel seeking compassionate release, pursuant to 18 U.S.C. § 3582(c), for defendant Daniel Hernandez, in light of the heightened risk that the COVID-19 pandemic presents for him. Dkt. 445. The Government does not oppose this request. Dkt. 448.

As background, Hernandez has been in prison since November 2018. He was sentenced on December 18, 2019, to, *inter alia*, a 24-month term of imprisonment. The Bureau of Prisons ("BOP") has calculated that, with credit for good behavior, Mr. Hernandez's prison term will end approximately August 1, 2020.

On March 22, 2020, defense counsel first sought a modification of Mr. Hernandez's sentence on grounds relating to the COVID-19 pandemic. Dkt. 437. Counsel asked the Court to modify Mr. Hernandez's sentence to enable him serve the remaining four-plus months of his prison term in home confinement. *Id.* at 1. Counsel explained that doing so would reduce the risk that Mr. Hernandez, who suffers from asthma, would contract COVID-19 while in prison. *See id.* at 1–2.

On March 25, 2020, the Court issued an order denying Mr. Hernandez's application for release, solely on the ground that the Court then lacked legal authority to modify his sentence. Dkt. 440. The Court noted that the sources of authority that courts (including this Court) have recently invoked to release from custody prisoners with heightened health risks from COVID-19 who have not yet been sentenced are not available in Mr. Hernandez's case, because he has already been sentenced. *Id.* at 1. Further, the Court noted, Federal Rule of Criminal Procedure 35, which permits modification of a prison sentence under specified circumstances, does not apply to Mr. Hernandez's case. *Id.* at 2. Neither does 18 U.S.C. § 3622(a), which allows the BOP, not the Court, to grant temporary release in defined circumstances. *Id.* Relevant here, the Court also identified as a potential source of authority to order a prisoner's early release the compassionate release statute, 18 U.S.C. § 3582(c), but concluded that it, too, did not apply, because the statute permits a court to reduce a prisoner's sentence only after he or she has exhausted his or her remedies through the BOP. *Id.* As of that date, Mr. Hernandez had not sought any relief through the BOP, let alone exhausted his administrative remedies. *See id.* at 2.

Although constrained to deny Mr. Hernandez's motion, the Court, in its March 25, 2020 order, did, however, communicate to the BOP—as the entity with authority to reduce Mr. Hernandez's sentence—that a sentence reduction was clearly merited given the risk to Mr. Hernandez's health presented by his continued incarceration: The Court wrote:

> The Court . . . is prepared to state the following, as it may be instructive guidance to the Bureau of Prisons in considering an application by Mr. Hernandez for release on home confinement. The Court's judgment at sentencing was that the [18 U.S.C.] § 3553(a) factors required imposition of the sentence imposed. And based on the same assessment, the Court later rejected Hernandez's motion to modify his sentence to substitute home confinement for the balance of his term of imprisonment, Dkt. 409, on the grounds that such a modification "would disserve the assembled 18 U.S.C. §3553(a) factors, including that Mr. Hernandez's sentence reflect the seriousness of his crimes." Dkt. 411. At the time of sentencing, however, the Court did not know and could not have known that the final four

2

>   months of Mr. Hernandez's sentence would be served at a time of a worldwide pandemic to which persons with asthma, like Mr. Hernandez, have heightened vulnerability. Section 3553(a) instructs a sentencing court to consider, *inter alia*, the "history and characteristics of the defendant" and "the need to provide the defendant with needed . . . medical care." 18 U.S.C. §3553(a).  Had the Court known that sentencing Mr. Hernandez to serve the final four months of his term in a federal prison would have exposed him to a heightened health risk, the Court would have directed that these four months be served instead in home confinement.

Dkt. 440 at 2–3.

Circumstances have since changed.  On March 26, 2020, the day after the Court's order, defense counsel for the first time submitted a request to the BOP, pursuant to § 3582(c) and 28 C.F.R. § 571.61, seeking compassionate release of Mr. Hernandez, due to the unforeseeable and extraordinary circumstances created by the COVID-19 public health emergency and the special risks for him given his medical condition.  *See* Dkt. 445-1.  And today, April 1, 2020, the BOP, confirmed, in a letter from Associate General Counsel Zachary Kelton, that it has denied Mr. Hernandez's request, not because Mr. Hernandez has been found undeserving of compassionate release, but because the BOP is structurally incapable of assessing his circumstances.  Dkt. 447-1.  Specifically, Mr. Kelton explained that because Mr. Hernandez is in the custody of the United States Marshals at a private facility—not in the custody of the BOP— the BOP "cannot evaluate him for compassionate release and will not be seeking a motion for compassionate release on his behalf at this time." *Id.*

The defense asserts, and the Government agrees, that, as a result of this denial, Mr. Hernandez has exhausted his administrative remedies through the BOP.  *See* Dkt. 445 at 1; Dkt. 448 at 1.  The Court agrees that Mr. Hernandez has exhausted his remedies within the BOP with respect to compassionate release.  Mr. Hernandez's application for relief under § 3582(c) is therefore ripe for this Court's review.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, --- F. Supp. 3d ---, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)). Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[1] U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § 1B1.13(2)–(3).

It is readily apparent—and the Court here finds—that the circumstances presented here are extraordinary and compelling so as to justify compassionate release in Mr. Hernandez's case.

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts. *Ebbers*, 2020 WL 91399, at *1, 4.

The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration. COVID-19 presents a heightened risk for incarcerated defendants like Mr. Hernandez with respiratory ailments such as asthma. The Centers for Disease Control warns that persons with asthma are at high risk of serious illness if they contract the disease.[2] Further, the crowded nature of municipal jails such as the facility in which Mr. Hernandez is housed present an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[3] And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself. For these reasons, in the past two weeks, numerous courts, including this one, have ordered the temporary release from custody of inmates held in pretrial or presentencing custody. *See, e.g.*, *United States v. Chandler*, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Hernandez*, No. 19 Cr. 169 (VM), 2020 WL 1503106, at *1 (S.D.N.Y. Mar. 30, 2020)

---

[2] *See People with Moderate to Severe Asthma*, Ctrs. for Disease Control and Prevention (Mar. 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html.

[3] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

(granting bail application, pursuant to § 3142(i), of 64-year-old defendant with asthma and high blood pressure that placed him "at a substantially heightened risk of dangerous complications should he contract COVID-19"); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"); *cf. United States v. Stephens*, --- F. Supp. 3d ---, No. 15 Cr. 95, 2020 WL 1295155 (AJN), at *3 (S.D.N.Y. Mar. 19, 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would necessitate his temporary release). And while the requirement of administrative exhaustion appears thus far to have limited the number of cases in which defendants serving their sentences have obtained compassionate relief from a court under § 3582(c)(1)(A)(i), at least two courts, finding administrative exhaustion, have resolved such a claim and granted such relief. *See United States v. Muniz*, No. 4:09-Cr-0199-1, 2020 WL 1540325 (KPE), at *1–2 (S.D. Tex. Mar. 30, 2020) (finding extraordinary and compelling reasons under § 3582(c)(1)(A)(i) in light of heightened risk to inmate presented by COVID-19); *United States v. Campagna*, No. 16 Cr. 78-01, 2020 WL 1489829 (LGS), at *3 (S.D.N.Y. Mar. 27, 2020) (same); *cf. United States v. Perez*, No. 17 Cr. 513 (AT), Dkt. 98 at 2, 6–7 (finding extraordinary and compelling reasons under § 3582(c)(1)(A) and waiving requirement of exhaustion of administrative remedies).

The Court accordingly finds that, in light of the heightened medical risk presented to Mr. Hernandez by the COVID-19 pandemic, there are extraordinary and compelling reasons to reduce Mr. Hernandez's sentence in the manner requested—to wit, releasing Mr. Hernandez from custody and requiring him to serve his first four months of supervised release in home confinement, on specified conditions.

This conclusion is supported by the application of the § 3553(a) factors. Mr. Hernandez has served 17 months in federal custody—the substantial majority of his prison sentence. And although the § 3553(a) factors (particularly the seriousness of Mr. Hernandez's racketeering and related offenses) earlier led the Court to require that Mr. Hernandez serve his entire sentence (net of statutory good time) in prison, § 3553(a) requires a sentencing court consider the "history and characteristics of the defendant" and "the need to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a). Viewed now in the light of a raging and virulent pandemic that has entered federal prisons in New York City and that poses a special risk to Mr. Hernandez's health, these factors, together, now counsel allowing him to be released and serve his first four months of supervised release in home confinement. For reasons including those set out at length at Mr. Hernandez's sentencing, the Court is, further, persuaded that Mr. Hernandez—having been prosecuted, pled guilty, and publicly cooperated against members of the gang, the Nine Trey Gangsta Bloods, in concert with whom his violent acts were committed—no longer will present a meaningful danger to the community if at liberty. And the conditions of Mr. Hernandez's forthcoming home confinement will meaningfully restrict his freedom of movement during the next four months.

Accordingly, finding that extraordinary and compelling reasons warranting a reduction of Mr. Hernandez's sentence, that Mr. Hernandez does not pose a danger to the community, that the

§ 3553(a) factors now support a reduction of sentence, and that the reduction sought is consistent with the Sentencing Commission's policy statement, the Court grants Mr. Hernandez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and orders his release. The Court will, by separate order, set out the terms of Mr. Hernandez's release on home confinement for the first four months of his five-year term of supervised release.

For persuasive reasons relating to security, the Government has asked the Court, in a letter properly filed under seal, to briefly delay the docketing of this order. Accordingly, the docketing of this order—and the Court's accompanying order setting out the terms of Mr. Hernandez's home confinement—is to be delayed until 4 p.m. on Thursday, April 2, 2020.

SO ORDERED.

                                                        *Paul A. Engelmayer*
                                                        _____
                                                        PAUL A. ENGELMAYER
                                                        United States District Judge

Dated:  April 1, 2020
            New York, New York