**LAW OFFICES**

# LAZZARO LAW FIRM, P.C.

360 COURT STREET
SUITE 3
BROOKLYN, NEW YORK 11231

TELEPHONE:  (718)  488-1900
TELECOPIER:  (718)  488-1927
EMAIL: LAZZAROLAW@AOL.COM

LANCE LAZZARO

RANDALL LAZZARO *

JAMES KILDUFF *
JAMES KIRSHNER
ROGER GREENBERG

* ADMITTED IN NY & NJ

February 9, 2022

Honorable Paul A. Engelmayer
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York  10007

Re:     **United States v. Daniel Hernandez**
        **Docket No.:  S5 18-CR-0834-004 (PAE)**
        **Motion for Early Termination of Supervised Release**

Dear Judge Engelmayer:

As you may recall, I represent Daniel Hernandez with regard to the above-referenced case. I am writing to request early termination of Mr. Hernandez's five-year term of supervised release. Your Honor originally sentenced Mr. Hernandez on December 18, 2019, to 24 months of incarceration, followed by five years of supervised release.  Your Honor later granted Mr. Hernandez's request for compassionate release due to the impact of COVID-19, which led to Mr. Hernandez's release from jail on April 2, 2020.  Shortly thereafter, Mr. Hernandez began serving his term of supervised release.  For the reasons discussed more thoroughly below, including Mr. Hernandez's full compliance and probation's recommendation of early termination, ███████ ████████████████████████████████████████████████████████ early termination of Mr. Hernandez's supervised release is appropriate and consistent with the interests of justice.

Early termination of a defendant's supervised release may be granted "at any time after the expiration of one year of supervised release...if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  Early discharge is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release.  See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Changed circumstances that justify early termination may include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals.  See Id. at 36.

In determining whether to grant an application for early termination of supervised release, courts will consider the factors set forth in 18 U.S.C. §§ 3553(a).  However, in recently granting a request for early termination, the Honorable Denny Chin pointed out that "[t]he § 3553(a) factors

require [a judge] 'to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,' quoting Lussier 104 F.3d at 35,...however...'supervised release is not, fundamentally, part of the punishment; rather its focus is rehabilitation' quoting United States v. Aldeen, 792 F.3d 247, 252 (2d Cir. 2015)." United States v. Erskine, 2021 WL 861270, 05-cv-1234 (SDNY March 8, 2021); see also United States v. Johnson, 529 U.S. 53, 59 (2000) (finding "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration"). Ultimately, "[t]he decision whether to grant early termination rests within the discretion of the district court." United States v. Harris, 689 F. Supp. 2d 692, 694 (SDNY 2010), citing Lussier 104 F.3d at 36.

In this case, Mr. Hernandez has maintained full compliance with all aspects of his supervised release since being released from jail, and based upon conversations with Sandra Osman, from the Department of Probation, Probation would consent to the immediate termination of Mr. Hernandez's supervised release. Given Mr. Hernandez's somewhat frequent travel schedule, he stays in constant contact with his supervising probation officers. He has no new arrests. He has lived a law-abiding life

Mr. Hernandez has done everything asked of him. He provided substantial assistance to the government, giving invaluable information and testimony. He was always respectful and courteous to government agents and prosecutors. Mr. Hernandez has also shown nothing but respect to this Court.



In *Lussier*, the Second Circuit recognized that early discharge is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).



Mr. Hernandez has taken considerable steps to better himself since being released from jail. In fact, his life turnaround began shortly after being arrested, which is when he chose to assist the government in its prosecution against his co-conspirators. Since being release from jail, he no longer associates with criminally minded individuals. He surrounds himself with professionally-minded people who can advance his career. He also spends significant amounts of time with his mother, other family members, and his girlfriend. ███████████████████████████. He has also made steps to better his community. Mr. Hernandez offered to complete community service, but the Department of Probation deemed his participation in community service too dangerous. Mr. Hernandez also attempted to donate $200,000 to the charity No Kid Hungry in May 2020, but the organization declined his donation. See www.usatoday.com/story/entertainment/celebruties/2020/05/12/tekashi-donates-200-k-no-kid-hungry-charity-money-rejected/3120897001.

In granting a motion for early termination, the Honorable Jack Weinstein found that "[t]ermination is appropriate when the rehabilitative goals of supervised release may no longer be attained." See United States v. Thomas, 346 F. Supp. 3d 326, 335 (EDNY 2018). In this case, Mr. Hernandez is no longer in need of the guidance, training, or any other assistance offered by probation/supervised release. Mr. Hernandez has rehabilitated himself in that he no longer associates himself with the wrong type of person. At this point, he associates are strictly professionals, close friends, and family members. ██████████████████████████████████████ ████████ At this point, there is simply no guidance, training, or assistance offered by supervised release that can benefit Mr. Hernandez. The truth is, even without supervised release, Mr. Hernandez seems to be monitored by the media and the public every time he ventures out into public. While I do not believe it will happen, if Mr. Hernandez were to commit a crime in the future, it seems safe to say that his illegal act would be caught in some way by the media or someone in public with a camera on his phone.

Given the facts and circumstances discussed above, including probation's recommendation to terminate supervised release and the interests of justice, I respectfully request that your Honor grant Daniel Hernandez early termination of his term of supervised release.  AUSA Michael Longyear is aware that I am making this request for early termination.

Very Truly Yours,

LAZZARO LAW FIRM, P.C.

BY:     _____/s/_____
LANCE LAZZARO

cc.:    USPO Sandra Osman, via e-mail: sandra_osman@nysp.uscourts.gov
AUSA Michael Longyear, via e-mail:  michael.longyear@usdoj.gov