LAW OFFICES

## LAZZARO LAW FIRM, P.C.

360 COURT STREET
SUITE 3
BROOKLYN, NEW YORK 11231

TELEPHONE:  (718)  488-1900
TELECOPIER:  (718)  488-1927
EMAIL: LAZZAROLAW@AOL.COM

LANCE LAZZARO                                                                                        * ADMITTED IN NY & NJ

RANDALL LAZZARO *
_____

JAMES KILDUFF *
JAMES KIRSHNER
ROGER GREENBERG

November 6, 2025

Honorable Paul A. Engelmayer
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York  10007

Re:    **United States v. Daniel Hernandez**
          **Docket No.:  S5 18-CR-0834-004 (PAE)**
          **Sentence after Violation of Supervised Release**

Dear Judge Engelmayer:

As your Honor is aware, Daniel Hernandez pleaded guilty, to three separate specifications, admitting that he violated certain conditions of his supervised release.  For the reasons discussed below, I asking your Honor to impose a six month sentence of home detention for his violations.

First, Mr. Hernandez admitted to two violations involving his possession of controlled substances.  However, for these two violations, Mr. Hernandez possessed a very small amount of cocaine and MDMA in his home.  The laboratory report showed that Mr. Hernandez had just 0.0122 grams of cocaine and a total of five MDMA pills (weighing only 1.8938 grams).

For Mr. Hernandez' third violation, he admitted to committing a misdemeanor assault.  However, it is important to remember that the complainant was the initial aggressor.  The complainant initially confronted Mr. Hernandez inside of a mall and began to excessively taunt and harass Mr. Hernandez.  Additionally, while Mr. Hernandez' response was unjustified and unwarranted, it is worth noting that the complainant was not seriously injured, having refused medical assistance on the scene.

Finally, home detention is more appropriate than prison because, for Mr. Hernandez, given his notoriety and history, periods of incarceration for Mr. Hernandez end up being much more severe, difficult, and even dangerous, when compared to a typical inmate.  Due to Mr. Hernandez' classification, he always serves his jail time segregated and fully isolated from other inmates.  As a result, Mr. Hernandez is given extremely limited social interaction with other inmates and very

little time outside to get fresh air and exercise.  Therefore, instead of imposing three months of incarceration, as recommended by probation, it is more appropriate and equitable to instead impose six months of home detention.  Six months of home detention is appropriate, when considering the excessive and disproportionate nature of the jail alternative and the specific conduct forming the basis of his violations of supervised release.

Mr. Hernandez was never arrested based upon his conduct leading to these three violations. Mr. Hernandez also now complete all 300 hours of his mandated community service.

Accordingly, I am asking your Honor to impose a six-month term of home detention for Mr. Hernandez' violations of the conditions of his supervised release.

Very Truly Yours,

LAZZARO LAW FIRM, P.C.

BY: _____
        LANCE LAZZARO

cc.:    USPO Sandra Osman, via e-mail:  sandra_osman@nysp.uscourts.gov
        AUSA Jonathan Rebold, via e-mail:  Jonathan.rebold@usdoj.gov