**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 14, 2025

**BY ECF AND EMAIL**
The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *United States v. Daniel Hernandez*, 18 Cr. 834 (PAE)

Dear Judge Engelmayer:

The Government has conferred with the United States Probation Office ("Probation") for the Southern District of Florida, which oversees the above-captioned defendant's supervised release, in connection with the defendant's November 20, 2025 sentencing proceeding. Probation recommends that Hernandez be sentenced to a new three-month-long term of supervised release, during which Hernandez would be subject to home incarceration, electronic monitoring, and all other existing terms of supervised release. Following this three-month term, the defendant's supervision would be terminated entirely.

Probation assesses that home incarceration will avoid the complications and potential dangers of formal custodial incarceration, and that any additional supervision is futile because Probation "has exhausted all efforts and resources to correct Mr. Hernandez's behavior."

The Government respectfully opposes Probation's position on two grounds.

*First*, termination of supervised release based on prior noncompliance sends the wrong message to this and similarly-situated defendants—that they can simply avoid the hassle (and rehabilitative benefits) of supervision by refusing to comply with their terms of release. Failure to comply with the terms of supervised release should be met with additional supervision, until the defendant can convincingly establish that he is a safe bet to avoid recidivating. That is not presently the case.

*Second*, the Government rejects the view that the defendant's commission of certain violations means that supervision is not working. The Government is reminded of the oft quoted line from Cormac McCarthy's *No Country for Old Men*: "you never know what worse luck your bad luck has saved you from," albeit with a slight modification: "you never know what worse violations supervision has saved this defendant from." While all violations—including drug use and, particularly, the defendant's commission of an assault in Florida—are concerning, the defendant has still come a long way from the conduct that landed him in federal court to begin

with.  The Government believes that this is, in no small part, *because of* the structure provided by supervised release.

Indeed, the Government respectfully submits that supervision and/or the consequences of noncompliance *has* affected Hernandez's behavior for the better.  By way of example, as noted in the Government's November 13, 2025 sentencing letter, during the last few months, while pending sentencing on the current violations, Hernandez finally took serious his community service obligations—completing them entirely—no doubt out of the concern that noncompliance would yield more significant consequences at next week's sentencing proceeding.  While supervised release has not yet gotten Hernandez to where he should be, it has prodded him in the right direction.  A new term of supervised release is necessary to further guide Hernandez toward rehabilitation until he establishes that can stand steadily on his own two feet.

For the foregoing reasons, the Government respectfully recommends that any sentence imposed upon the defendant include a new, meaningful term of supervised release.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/
Jonathan E. Rebold
Assistant United States Attorney
(212) 637-2512

cc:    Lance Lazzaro, Esq. (via ECF and email)
U.S. Probation Officers Sandra Osman and Donn Grice (via email)